VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        22-AP-272



# ENTRY ORDER

OCTOBER TERM,   2022

State of Vermont v. Logan Clegg*           }     APPEALED FROM:
                                           }     Superior Court, Chittenden Unit,
                                           }     Criminal Division
                                           }     CASE NO. 22-CM-00291

In the above-entitled cause, the Clerk will enter:

On October 13, 2022, the criminal division ordered defendant Logan Clegg held without bail on a fugitive-from-justice petition.  The State filed the petition based on an outstanding arrest warrant issued on July 21, 2021, in Cache County, Utah.  On October 17, defendant appealed the order holding him without bail.  On October 18, the parties filed a stipulated motion to remand alleging the court committed clear error by holding defendant without bail when the underlying Utah charges are not punishable by life imprisonment.  See 13 V.S.A. § 4956.  We dismiss the appeal and deny the motion to remand as moot.

In State v. Navarre, No. 2020-317, 2020 WL 7861217 (Vt. Dec. 23, 2020) (unpub. mem.) [https://perma.cc/CTL2-7UET], this Court dismissed a similar appeal from an order holding the defendant without bail based on a fugitive-from-justice petition.  The defendant, following arrest under 13 V.S.A. § 4954, was first released before being rearrested under 13 V.S.A. § 4955, after the court learned that the underlying charges were punishable by life imprisonment.  Id. at *1 (citing § 4955, which provides, in part, that court "shall commit" person to jail if charged with crime punishable by death or life imprisonment).  The defendant ultimately appealed the hold-without-bail order under 13 V.S.A. § 7556(e), which provides that "[a] person held without bail prior to trial shall be entitled to review of that determination" by the Supreme Court.  (Emphasis added.)  We held that § 7556(e) was inapplicable to the defendant because he was not charged with a crime in Vermont and was therefore not being held "prior to trial."  Navarre, 2020 WL 7861217, at *2. Instead, we reasoned that the fugitive-from-justice statute creates "a unique . . . procedure aimed at implementing the extradition provision of the federal constitution."  Id. at *2 (quotation omitted). We explained that "[t]o challenge the legality of detention under [the fugitive-from-justice statute], a person must file a petition for writ of habeas corpus in the civil division of the superior court."  Id.

We see no reason to depart from our reasoning in Navarre here.  Whether the fugitive-from-justice petition is based on charges punishable by life imprisonment or not, because defendant is not

being held "prior to trial" within the meaning of 13 V.S.A. § 7556(e), that subsection does not entitle him to appeal the superior court's determination. Accordingly, his appeal is dismissed, and the parties' stipulated motion to remand is denied as moot.

Dismissed; mandate to execute immediately.

BY THE COURT:

 

Paul L. Reiber, Chief Justice

 

Harold E. Eaton, Jr., Associate Justice

 

Karen R. Carroll, Associate Justice

 

William D. Cohen, Associate Justice

 

Nancy J. Waples, Associate Justice